IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID ALEXANDER, § | | |
| Plaintiff § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. |
| § | | |
| TELCOLLECT, INC. § | | |
| Defendant § | | |

*ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff David Alexander files this Original Complaint against Defendant Telcollect, Inc. and for causes of action, respectfully will prove according to the requisite burden(s) of proof:

**I.**

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, and to have an Order or injunction issued by this Court preventing Defendant from continuing its behavior in violation of the FDCPA. Jurisdiction of this Court arises under 15 U.S.C. §

1692k(d) and venue is proper before this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District.

## II.

Plaintiff, David Alexander, is a natural person residing in La Grange, Texas.

Defendant, Telcollect, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## III.

At various and multiple times prior to the filing of the instant complaint, including within the year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Failing to disclose Defendants true corporate or business name in a telephone call to Plaintiff.  Defendant never disclosed the name "Telcollect" to Plaintiff at any time.  Defendant spoke with Plaintiff multiple times and left multiple messages with Plaintiff.  At no time did Defendant reveal the name of its business (§ 1692d(6)),

2

b) Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b (§ 1692c(b)),

c) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information. At some point during the preceding 12 months, Defendant contacted Plaintiff's girlfriend's home at 979-966-0560. When Defendant reached Plaintiff's girlfriend, Defendant began asking questions of Plaintiff's girlfriend not related to Plaintiff's location information, such as information about Plaintiff's place of employment (§ 1692b & § 1692c(b)),

d) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to disclose information about Plaintiff's income to Plaintiff's local unemployment office (§ 1692e(5)),

e) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff. Defendant continued to call Plaintiff's girlfriend's home at 979-966-0560, where

      Defendant did not have reason to suspect it had received incomplete information in previous calls (§ 1692b(3) & § 1692c(b)),

f) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector. Defendant spoke to Plaintiff and left multiple messages on Plaintiff's answering machine without disclosing that such communications were from a debt collector (§ 1692e(11)); 7) Defendant was not licensed to collect debts in Texas when it attempted to collect the debt from Plaintiff, which is an unfair practice (§ 1692f)).

**IV.**

As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**V.**

Plaintiff hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that a declaratory judgment be entered that defendants' conduct violated the FDCPA; that Plaintiff be awarded actual damages; that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1692k; that Plaintiff be awarded costs

and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and, for such other and further relief as may be just and proper.

                                            Respectfully submitted,

                                            By: /s/Susan Landgraf
                                            Susan Landgraf
                                            SD # 15824
                                            Texas State Bar # 00784702
                                            Attorney in Charge for Plaintiffs

WEISBERG & MEYERS, L.L.C.
108 E. 46th Street
Austin, TX 78751
Phone: (512) 436-0036 ext. 116
Facsimile: (866) 317-2674

## CERTIFICATE OF SERVICE

I certify that on January 19, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division using the electronic case filing system of the court.

                                                     /s/ Susan A. Landgraf
                                                     SUSAN A. LANDGRAF